UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| Jeff Barth, personally and in his capacity as sitting County Commissioner for the County of Minnehaha, South Dakota, and all others similarly situated,<br><br>Petitioners,<br><br>v.<br><br>Marion M. "Mike" Rounds, Jeffrey T. Sveen, and Robert "Tad" Perry,<br><br>Respondents. | 14-MC-118<br><br>**JEFFREY T. SVEEN'S JOINDER IN OPPOSITION TO PRE-COMPLAINT PETITION FILED BY RESPONDENTS ROUNDS AND PERRY (Doc. 12)** |

Respondent Jeffrey T. Sveen ("Sveen"), by and through his undersigned attorneys, joins in the arguments submitted by Respondents Marion M. "Mike" Rounds and Robert "Tad" Perry, Doc. 12, in opposition to the pre-complaint petition, Doc. 1. This Joinder is supported by the documents filed by Respondents Rounds and Perry, as well as the Affidavit of Jeffrey T. Sveen, filed concomitantly herewith.

In addition to joining those arguments against Rule 27 relief by Rounds and Perry, Sveen also contends that the petition should be denied as Petitioner never articulates why he cannot commence a lawsuit now and obtain discovery through the typical discovery process. *See In re I-35W Bridge Collapse Site Inspection*, 243 F.R.D. 349, 352 (D. Minn. 2007). Here, the petition and the supporting affidavit (signed not by Petitioner but by his attorney) only state that he cannot file a cognizable claim because documents from the "the File," which are the documents Petitioner wants to force preservation of, have not been produced. There is no explanation of why this prevents the commencement of a civil action.

1

If Petitioner contends that he cannot bring the lawsuit because he does not know the "facts" without the pre-lawsuit production, he is **not** entitled to relief under Rule 27.  The overwhelming general rule is that Rule 27 does not provide a right to discover facts pre-suit, but instead, can only be used to require preservation of otherwise know testimony.  *See Lucas v. Judge Advocate General*, 263 Fed. Appx. 607, 2008 WL 122470, 1 (9th Cir. Ct. App. 2008) (unpublished) ("Moreover, Lucas, as a prospective plaintiff, cannot utilize Rule 27 as a discovery mechanism for a future complaint, and he points to no authority allowing a prospective plaintiff to utilize Rule 27 in the manner he requests"); *Nevada v. O'Leary,* 63 F.3d 932, 933, 935-36 (9th Cir.1995) (holding that Rule 27 is not appropriate where "the petitioner seeks discovery of unknown information that the petitioner hopes will assist it in the future when the petitioner applies for judicial relief"); *Penn Mutual Life Ins. Co. v. United States,* 68 F.3d 1371, 1376 (D.C.Cir.1995) ("A Rule 27(a) deposition 'may not be used as a substitute for discovery.'"); *Application of Sitter*, 167 F.R.D. 80, 82 (D. Minn. 1996)  ("[W]ithout significant exception, the relevant case law does not allow the deployment of Rule 27 so as to conduct pre-Complaint discovery");  *In re Vioxx Products Liab. Litig.,* MDL 1657, 2008 WL 1995098 (E.D. La. May 6, 2008) (stating that Rule 27 does not provide for pre-suit discovery).

Additionally, allegations that a party needs "discovery" to learn information necessary to comply with Rule 11 before commencing the action does not entitle the party to relief under Rule 27.  *See Petition of Ford*, 170 F.R.D 504, 507-08 (M.D. Ala. 1997); *In re Gurnsey's Petition,* 223 F.Supp. 359, 360 (D.D.C.1963) ("[Rule 27] is not a method to determine whether a cause of action exists; and, if so, against whom action should be instituted"); *see also Petition of State of North Carolina,* 68 F.R.D. 410, 412 (S.D.N.Y.1975) ("Rule 27 petition cannot be used for the purpose of ascertaining facts to be used in drafting a complaint"*); In re Chester Cnty. Elec., Inc.*,

208 F.R.D. 545, 547-48 (E.D. Pa. 2002) (rejecting argument that Rule 27 discovery was permitted to allow party to discover facts to comply with Rule 11). "Rule 27 is not a vehicle for compliance with Rule 11." *In re Landry–Bell,* 232 F.R.D. 266, 267 (W.D. La. 2005). "Courts generally agree that to allow Rule 27 to be used for the purpose of discovery before an action is commenced to enable a person to fish for some ground for bringing suit would be 'an abuse of the rule.'" *In re I-35W Bridge Collapse Site Inspection*, 243 F.R.D. at 352.

Accordingly, for the reasons set forth above and those submitted by Respondents Rounds and Perry, Sveen respectfully requests that the pre-complaint petition be denied.

Dated this 22nd day of October, 2014.

>         /s/     *Michael F. Tobin*
>             Filed Electronically
> Thomas J. Welk
> Michael F. Tobin
> Jason R. Sutton
> BOYCE, GREENFIELD, PASHBY & WELK, L.L.P.
> 300 South Main Avenue
> P.O. Box 5015
> Sioux Falls, SD  57117-5015
> (605) 336-2424
> tjwelk@bgpw.com
> mftobin@bgpw.com
> jrsutton@bgpw.com
> Attorneys for Respondent Jeffrey T. Sveen

**CERTIFICATE OF SERVICE**

      I, Michael F. Tobin, hereby certify that I am a member of the law firm of Boyce, Greenfield, Pashby & Welk, L.L.P. and that on the 22nd day of October, 2014, I electronically filed the foregoing Jeffrey T. Sveen's Joinder in Opposition to Pre-Complaint Petition Filed by Respondents Rounds and Perry with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filings to the following attorneys:

    Richard Arthur Engels
    rl_engels@msn.com

    William P. Fuller
    bfuller@fullerandwilliamson.com

    Eric T. Preheim
    epreheim@fullerandwilliamson.com


                                        /s/   *Michael F. Tobin*
                                             Filed Electronically
                                    Michael F. Tobin